KAMALA D. HARRIS
Attorney General of California
TERRENCE SHEEHY
Deputy Attorney General
JOHN P. WALTERS
Deputy Attorney General
State Bar No. 216472
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-3033
 Fax: (619) 645-2581
 E-mail: John.Walters@doj.ca.gov
*Attorneys for Defendants*
*T. Armstrong, T. Catlett, G. Janda, R. Lizarraga, T. Ochoa, and G. Trujillo*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD PAUL BRYANT,<br><br>                              Plaintiff,<br><br>v.<br><br>T. ARMSTRONG, et al.,<br><br>                              Defendants. | 08-CV--02318-W-RBB<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. NO. 86)**<br><br>Courtroom: B<br>Judge:         The Honorable Ruben B. Brooks<br>Trial Date:  None Set<br>Case Filed: 3/3/2009 |

Defendants respectfully submit this Opposition to Plaintiff's Motion to Compel Discovery (Doc. No. 86).

///

///

///

///

///

///

1

I. **THIS COURT SHOULD DENY PLAINTIFF'S MOTION TO COMPEL BECAUSE THE MOTION IS MOOT SINCE THE PARTIES NARROWED THE REQUESTS THROUGH THE MEET-AND-CONFER PROCESS.**

Plaintiff moves to compel Defendant Janda to respond to requests 3, 4, and 5. Defendant objected to those requests, but informed Plaintiff that responses would be provided if Plaintiff agreed to narrow the requests to relevant information. (Walters Dec. ¶ 4.) The parties then exchanged a series of meet-and-confer letters. (Walters Decl. ¶¶ 5-9.) Plaintiff agreed to limit requests 3, 4, and 5 to documents in "the defendant's personnel files that relate to discipline and/or training of the individual defendants (sic) . . . ." Defendants then informed Plaintiff that they would provide training records for all Defendants, and those records were provided. (Walters Decl. ¶¶ 8, 9.) Defendants also informed Plaintiff that they would provided records relating to the discipline of Defendants, but only for issues similar to the claims in this case – retaliation and discrimination. (Walters Decl. ¶¶ 8-10.) All other records would be irrelevant. For example, discipline for excessive force, if any, is not relevant to the claims in this case since there is no force alleged.

Defendants have already responded as to Defendant Ochoa. (Walters Decl. ¶ 9.) Defendants anticipate completing the responses for the remaining Defendants at any time. (Walters Decl. ¶ 11.)

Plaintiff filed this motion while the parties were still actively engaged in the meet-and-confer process. But as noted, the parties reached an agreement to narrow the scope of the requests, and Defendants are complying with responding to the narrowed requests. Therefore, this motion is moot, and it should be denied.

II. **EVEN IF THE MOTION IS NOT MOOT, THIS COURT SHOULD DENY THE MOTION BECAUSE DEFENDANTS' OBJECTIONS AND RESPONSES WERE PROPER.**

Plaintiff's original requests were objectionable because they were irrelevant, vague, and overbroad. For example, in request 3, Plaintiff sought all documents regarding the "mistreatment" of inmates. This request is irrelevant because it is not related to the claims in this case. Here, Plaintiff alleges that Defendants discriminated against him, and then retaliated in responses to his complaints. Accordingly, any documents for other "mistreatment" of inmates

2

Defs.' Opp'n to Pl.'s Mot. to Compel (08-CV--02318-W-RBB)

would not be relevant. Further, the request is vague as to what constitutes "mistreatment." The term could potentially include denial of visitors, processing of mail, and countless other unrelated claims. This is exactly why the parties agreed to narrow the requests.

Also, request 5 is overly broad, unduly burdensome, and seeks materials not likely to lead to the discovery of admissible evidence because it seeks documents unrelated to the claims in this case. The request seeks all documents in personnel files related to "discipline and/or training." As noted above, any documents for "discipline" of the Defendants is overly broad. This case has specific and narrow claims. If any Defendants were disciplined for unrelated claims, such as visits, mail, and even force, the records would not be relevant to Plaintiff's claims. Again, this is why the parties agreed to limit the scope of the requests. Therefore, Plaintiff's motion should be denied.

## CONCLUSION

Based on the foregoing, this Court should deny Plaintiff's Motion to Compel Discovery.

Dated: December 5, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
TERRENCE SHEEHY
Deputy Attorney General

/s/ John P. Walters

JOHN P. WALTERS
Deputy Attorney General
*Attorneys for Defendants*
*T. Armstrong, T. Catlett, G. Janda, R. Lizarraga, T. Ochoa, and G. Trujillo*

SD2009701729
70523847.doc

3

Defs.' Opp'n to Pl.'s Mot. to Compel (08-CV-02318-W-RBB)

# CERTIFICATE OF SERVICE

Case Name:  **Bryant, Stanford v. Armstrong, et al.**   No. **08-CV--02318-W-RBB**

I hereby certify that on December 5, 2011, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. NO. 86)**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On December 5, 2011, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Stanford P. Bryant
E-46727
California State Prison - Sacramento
P. O. 290066
Represa, CA 95671

**In Pro Per**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on December 5, 2011, at San Diego, California.

| J. Grand | _____ |
|---|---|
| Declarant | Signature |

70524069.doc